ORIGINAL

1  Scott W. Wellman, SBN: 82897
2  **WELLMAN & WARREN LLP**
3  24411 Ridge Route, Suite 200
   Laguna Hills, CA 92653
   Tel:  (949) 580-3737
4  Fax: (949) 580-3738

5
6  Attorneys for Plaintiff
   Guenevere Thomas
7

FILED

10 OCT -5  PM 2: 27

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY 

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUENEVERE THOMAS, an individual, | Case No.:**'10 CV 2 06 9  H    RBB**<br>Judge:<br>Dept.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| CHRIS SNOOK, an individual;<br>JASON HIGHFILL, an individual;<br>MARK WILSON, an individual;<br>PERSONAL WEALTH SYSTEM<br>LLC.  A.K.A.  PWS LLC., a<br>California limited liability company ,<br>Mortgage Secret, LLC, a California<br>limited liability company,<br>Defendants. | 1. **VIOLATIONS OF THE FEDERAL SECURITIES ACT § 5**<br>2. **VIOLATION OF THE FEDERAL SECURITIES ACT § 12**<br>3. **VIOLATION OF THE FEDERAL SECURITIES ACT § 15**<br>4. **VIOLATION OF THE FEDERAL SECURITIES ACT § 17**<br>5. **VIOLATION OF THE FEDERAL SECURITIES EXCHANGE ACT § 10(b)**<br>6. **VIOLATION OF CALIFORNIA CORPORATE CODE § 25501**<br>7. **VIOLATION OF CALIFORNIA CORPORATE CODE § 25403**<br>8. **VIOLATION OF CALIFORNIA CORPORATE CODE § 25503**<br>9. **VIOLATION OF CALIFORNIA CORPORATE CODE 25504** |

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

1

10. VIOLATION OF
    CALIFORNIA CORPORATE
    CODE 25504.1
11. FRAUD (AFFIRMATIVE
    MISREPRESENTATION)
12. FRAUD (BY
    CONCEALMENT)
13. NEGLIGENCE
14. UNFAIR COMPETITION
    UNDER BUSINESS &
    PROFESSIONS CODE §
    17200
15. VIOLATION OF THE
    CALIFORNIA SELLERS
    ASSISTED MARKETING
    ACT

**JURY TRIAL DEMANDED**

Plaintiff GUENEVERE THOMAS (hereinafter referred to as "PLAINTIFF" or "THOMAS") hereby alleges as follows:

## SUMMARY

1.      PLAINTIFF brings this action against PERSONAL WEALTH SYSTEMS LLC. (hereafter "PWS) and its top officers and control persons, JASON HIGHFILL, MARK WILSON, and CHRIS SNOOK (hereafter "DEFENDANTS") for violation of the federal and state securities anti-fraud laws and registration provisions as well as for various pendent state claims arising out of DEFENDANTS' fraudulent offer and sale of a membership interest in PWS.

2.      PWS is a multi-level marketing company that offers mortgage accelerator software to the public. In theory, the mortgage accelerator software teaches the user how to eliminate debt. The enrollment fee for the software is 500 dollars.  The enrollment fee is a disguised recruitment fee as the value of the software is virtually nil.

3.      In a multi-level marketing company, such as PWS, distributors or members are arrayed in descending levels in the form of a pyramid.  Any particular distributor receives commissions from his or her direct sales of the company's products as well as from the sales of the distributors that are aligned under him or her (called the

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

2

COMPLAINT

1  distributor's "downline").[1]  It is unlawful to pay a distributor compensation or

2  commissions for simply recruiting another distributor.  Such schemes (when

3  distributors are paid recruiting fees) are commonly known as "pyramid schemes" or

4  "endless chain schemes." However, as explained below, such a pyramid scheme is

5  exactly what PWS does.

6       4.     PWS offers an investment program whereby any individual who agrees to

7  invest $100,000 in PWS is promised to receive a high return on their investment. The

8  payments that the investor is to receive comes from the enrollments or recruitment of

9  other members, regardless of who actually makes the sale of the enrollment. That is, the

10  overwhelming amount of return is to come from the efforts of third parties who enroll

11  members in PWS.

12      5.     The PWS investment program constitutes a security within the meaning of

13  the 1933 Securities Act, the 1934 Securities Exchange Act and the California

14  Corporations Code.

15      6.     PLAINTIFF was approached by DEFENDANTS regarding the investment

16  program. By investing  $100,000 into the investment program, PLAINTIFF would

17  become a "super affiliate" allowing her to receive a part of every distributor who signed

18  up with PWS. While discussing the terms of the investment, DEFENDANTS

19  guaranteed that if PLAINTIFF decided to proceed, she would receive a return no less

20  than $166,700 within the first year.

21      7.     Because the investment return was to be generated from the recruitment

22  (i.e. enrollment) of other distributors, DEFENDANTS  promised to enact certain

23  initiatives in order to secure PLAINTIFF'S return. Such initiatives were for the purpose

24  of marketing PWS to obtain the promised amount of enrollments. These promised

25  initiatives included: 1) the launch of infomercials; 2) setting up seminars that were

26  headed by successfully known individuals; and 3) establishing relationships with well-

27  known Loan Modification companies.

28

[1] A few well known multi-level marketing companies are Amway and Herbal Life.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

3

COMPLAINT

8.    None of these promised initiatives were implemented.  Moreover, when PLAINTIFF was induced to invest, she was told that the cost to become a distributor was $500. Shortly after she invested, DEFENDANTS increased the enrollment fee to become a distributor to $1500 and added other software components making it more costly to become a distributor.  This had the effect of making it more difficult for PLAINTIFF to earn returns because her returns were to come from the recruitment fees paid by other enrolling distributors.

9.    PLAINTIFF was promised that if she invested, she would receive a much greater return than the amount she invested. Indeed, in the first year alone, DEFENDANTS represented that PLAINTIFF would receive a minimum of $166,700 on an investment of $100,000.  In reliance upon DEFENDANTS' statements, PLAINTIFF was induced to pay DEFENDANTS $100,000.

10.    However, the statements made by DEFENDANTS were false. PLAINTIFF received a total amount of $483.33 after her first year of investing. This means that PLAINTIFF received less than 1% of her initial investment. Moreover, DEFENDANT made no efforts even to try to launch it's promised initiatives.

11.    DEFENDANTS also failed to register a statement with the Securities Exchange Commission for the investment program even though the investment program constituted a security within the meaning of 1933 Securities Act and the 1934 Securities Exchange Act

12.    DEFENDANTS also failed to qualify with the California Department of Corporation the investment program even though the investment program constituted a security within the meaning of the California Corporations Code.

13.    In connection with the offer and sale of unregistered securities, DEFENDANTS made materially false or misleading statements regarding the return investment funds.

**COMPLAINT**

**JURISDICTION AND VENUE**

14.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one in which may be removed to this Court pursuant to 28 U.S.C. § 1441 in that it involves the following federal questions:

      a.   Whether DEFENDANTS violated the Securities Act of 1933 (Sections 5, 12, and 17) and the Securities Exchange Act of 1934 (Section 10(b), and 15(a)).

15.   This action is also a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity between the PLAINTIFF and all DEFENDANTS, and the amount in controversy exceeds $75,000.

16.   This Court has pendent, supplemental and ancillary jurisdiction over the following state court claims for relief pursuant to 25 U.S.C. § 1367 in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy:

      a.   Whether DEFENDANTS violated the California Corporate Code (section 25500 et. seq.);

      b.   Whether DEFENDANTS committed fraud through affirmative misrepresentation or by concealment;

      c.   Whether DEFENDANTS committed negligence;

      d.   Whether DEFENDANTS violated the Unfair Competition Under Business and Profession Code (section 17200).

      e.   Whether DEFENDANTS violated the California Seller Assisted Marketing Plans Act (SAMP Act) (Cal. Civil Code 1800.200 et. seq.)

17.   Pursuant to 28 U.S.C. §1391, venue is proper in the Southern district of California because at least one of the DEFENDANTS resides in San Diego, California and a substantial part of the events or omissions giving rise to the claims occurred in San Diego, California.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

5

**COMPLAINT**

## PARTIES

18. PLAINTIFF, Guenevere Thomas, is an individual residing in Boise, Idaho.

19. DEFENDANT, Personal Wealth System, LLC ("PWS"), is a California limited liability company with its principal place of business in San Diego, California.

20. DEFENDANT, Mortgage Secret, LLC ("Mortgage Secret), is a California limited liability company with its principle place of business in Modesto, California. Mortgage Secret is the predecessor to PWS.

21. DEFENDANT, Chris Snook, is an individual residing in San Diego, California. Chris Snook is an executive officer of DEFENDANTS PWS and Mortgage Secret, LLC.

22. DEFENDANT, Mark Wilson, is an individual residing in Modesto, California. Mark Wilson is an executive officer of DEFENDANTS PWS and Mortgage Secret, LLC.

23. DEFENDANT, Jason Highfill, is an individual residing in Modesto, California. Jason Highfill is an executive officer of DEFENDANTS PWS and Mortgage Secret, LLC.

## FACT COMMON TO ALL CLAIMS FOR RELIEF
## A. FAILURE TO REGISTER

24. PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 20.

25. On or about April 2, 2009, PWS solicited $100,000 from PLAINTIFF in the form of an investment program. The investment program is known as the "Super-Affiliate" distributor position with PWS. Such program constitutes a security under both the Federal and California state securities laws as it constitutes an investment of money into a common scheme with the expectations of profits from the efforts of others.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

6

26.     PWS' investment program promises the investor significant returns including a return of no less than $166,700 within the first year.

27.     PWS offered or sold its investment programs through the use of telephone, mail and other means of interstate commerce. The investment program was offered and sold in California.

28.     Although PWS offered and sold this security, PWS failed to register a statement with the Securities Exchange Commission for it. Moreover, PWS failed to qualify the offer or sale of the security with the California Department of Corporations.

29.     PWS was required to comply with federal securities statutes, rules and regulations to sell and/or offer to sell securities. These statutes, rules, and regulations require that PWS to register its investment programs with the Securities Exchange Commission prior to offering and selling it.

30.     PWS was required to comply with the California state ("Blue Sky") securities statutes, rules and regulations to sell and/or offer to sell securities. These statutes, rules, and regulations require that PWS to qualify with the California Department of Corporations its investment program prior to offering or selling it.

31.     PLAINTIFF is not an "accredited investor" within the meaning of the federal or state securities laws.  PWS lacked a valid exemption from registration or qualification in offering and selling its investment program.

**B. FRAUDULENT MISREPRESENTATIONS AND CONCEALMENTS**

32.     On or about April 2, 2009, in order to induce PLAINTIFF to invest $100,000 into the PWS investment program, DEFENDANT, Chris Snook, made the following representations to the PLAINTIFF.

    A. That if PLAINTIFF invested in the investment program she would be guaranteed a return of no less than $166,700 the first year.

    B. That if PLAINTIFF invested in the investment program she would receive huge returns each year.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

7

**COMPLAINT**

C. That PWS was well capitalized and would be putting together and airing television infomercials, conventions, and seminars to promote membership in PWS and that such actions would bring in hundreds of thousands of new members.

D. That the cost to enroll for distributors into PWS was $500 which was a cost that was low enough to encourage the enrollment of hundreds of thousands of distributors.

E. That PLAINTIFF could not lose in the investment.

33.    Contrary to the representations made by Snook, the truth was as follows:

A. There is no way that PLAINTIFF could receive a return of $166,700 the first year.

B. There was almost no likelihood that any return would be received.

C. PWS was not well capitalized and never intended to put together or air television infomercials, conventions, or seminars to promote the membership of PWS.

D. That PWS planned to the increase the enrollment fee from $500 to $1500.

34.    In addition, DEFENDANTS concealed from the PLAINTIFF the following material facts, which if she knew, she would not have invested into the investment program:

A. That DEFENDANTS were operating an illegal pyramid scheme in that the returns to be paid to PLAINTIFF were recruiting fees.

B. That DEFENDANTS knew that they did not have the necessary capital to implement the promotional programs that they promised they would do.

C. That DEFENDANTS knew it would be virtually impossible for PLAINTIFF to obtain the returns that they had promised.

D. That DEFENDANTS had not registered the investment program with the United States Securities Commission, the California Department of

**COMPLAINT**

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(909) 588-3737

1     Corporations, nor had they registered the program under the California

2     SAMP act.

3     E. That DEFENDANTS planned to increase the enrollment fee from $500 to

4     $1500.

5                    **FIRST CLAIM FOR RELIEF**

6       **Violation of Section 5 of the Securities and Exchange Act**

7             **(Against PWS AND MORTGAGE SECRET)**

8     35.     PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

9 through 33.

10     36.     By engaging in the conduct described above, DEFENDANTS, PWS and

11 MORTGAGE SECRET, directly or indirectly, singly and in concert:

12         i.     Made use of the means instruments of transportation or communication

13              in interstate commerce or of the mails to sell securities, through the use

14              or medium of a prospectus or otherwise;

15        ii.     Carried securities or cause such securities to be carried through the

16              mails or the interstate commerce, by any means or instruments of

17              transportation, for the purpose of sale or for delivery after sale; and/or

18       iii.     Made use of the means or instruments of transportation or

19              communication interstate commerce or of the mails offer to sell or offer

20              to buy securities, through the use or medium of any prospectus or other

21              wise.

22     37.     No registration statement was filed or was in effect with the Securities

23 Exchange Commission pursuant to the Securities Act, and no exemption from

24 registration exists with respect to the offering and sale of securities to PLAINTIFF

25 described herein.

26     38.     By reason of the foregoing, these DEFENDANTS violated Section 5 of the

27 Exchange Act [15 U.S.C. Sections 77e].

28

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

9

**COMPLAINT**

## SECOND CLAIM FOR RELIEF

### Violation of Section 12 of the 1933 Securities Act

### (Against All Defendants)

39.     PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 37.

40.     The DEFENDANTS sold the securities describe herein in violation of Section 5 of the Securities act and are therefore jointly and severally liable under Section 12 of the Securities Act.

41.     The DEFENDANTS also offered and sold securities using interstate commerce or the mails, by the means of oral communication which included untrue statements of material facts or omitted to state a material fact necessary in order to make the statements in light of the circumstances under which they were made, not misleading and are therefore liable under Section 12 of the Securities Act.

## THIRD CLAIM FOR RELIEF

### Violation of Section 15 of the 1933 Securities Act

### (Against Defendants Snook, Wilson, and Highfill)

42.     PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 40.

43.     DEFENDANTS Chris Snook, Jason Highfill, and Mark Wilson are control persons within the meaning of Section 15 of the Securities Act and are therefore jointly and severally liable for the violations by  PWS and Mortgage Secrets of Sections 5 and 12 of the Securities Act.

## FOURTH CLAIM FOR RELIEF

### Violation of Section 17 of the 1933 Act

### (Against all Defendants)

44.     PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 40.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

10

**COMPLAINT**

45.   In the offer and sale of the investment program DEFENDANTS employed devices, schems, and artifices to defraund the PLAINTIFF.

46.   In the offer and sale of the investment program, DEFENDANTS made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading.

47.   In the offer and sale of the investment program, DEFENDANTS engaged in transactions, practice or a course of business which operated as a fraud and deceit on the PLAINTIFF.

48.   DEFENDANTS are therefore liable under Section 17 of the Securities Act.

## FIFTH CLAIM FOR RELIEF

**Violation of Section 10(b) of the 1934 Securities and Exchange Act and Rule 10b-5**

**(Against All Defendants)**

49.   PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 47.

50.   DEFENDANTS, and each of them, by engaging in the conduct described above knowingly, recklessly, or negligently, directly or indirectly, in connection with the purchase of sale of a security, by the use of means or instrumentalities of interstate commerce or of the mails, with scienter, violated Section 10(b) and Rule 10b-5 by:

    i.    Employing devices, schemes, and artifacts to defraud;

    ii.    Making untrue statements of material facts and omitting to state material facts necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading; and

    iii.    Engaging in acts, practices and a course of business pursuant to which they knowingly or recklessly engaged in acts that operated as a fraud or deceit upon PLAINTIFF in connection with its purchase of Company membership units.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

11

1        E.  DEFENDANTS performed these actions willfully, intentionally, maliciously,

2    oppressively and in fraudulent breach of their duties, warranting the imposition of

3    exemplary damages.

4        F.  By reason of the foregoing, DEFENDANTS each violated Section 10(b) of

5    the 1934 Exchange Act [15 U.S.C. Section 78j(b)] and Act rule 10b-5 the hereunder, 17

6    C.F.R. Section 240.10b-5.

7    **SIXTH CLAIM FOR RELIEF**<br>**Violation of Ca. Corp. Code 25501**<br>**(Against all Defendants)**

8

9

10       51.  PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

11   through 48.

12       52.  The actions of the DEFENDANTS as described herein violated California

13   Corporations Code §25501 in that the offer and sell of the investment program was

14   accomplished by means of written or oral communications which included untrue

15   statements of a material fact or omitted to sate a material fact necessary in order to

16   make the statements made, in light of the circumstances under which they were made,

17   not misleading.

18       53.  Pursuant to California Corporations Code §25501, PLAINTIFF is entitled

19   to rescind her investment and recover the consideration paid plus interest at the legal

20   rate or damages.

21   **SEVENTH CLAIM FOR RELIEF**<br>**Violation of Ca. Corp. Code 25403**<br>**(Against  Defendants Snook, Wilson, and Highfill)**

22

23       54.  PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

24   through 51.

25       55.  DEFENDANTS Snook, Wilson, and Highfill are jointly and severely

26   liable for PWS's violation of the California Corporations Code as they either are

27   control persons of PWS and knowingly induced the violation described in the

28

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

12

___

**COMPLAINT**

1    Complaint, or they provided substantial assistance in the violations of the California

2    Corporations Code as described in this Complaint.

3

4                        **EIGHTH CLAIM FOR RELIEF**
                         **Violation of Ca. Corp. Code 25503**
5                        **(Against PWS and Mortgage Secret)**

6         56.    PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

7    through 54.

8         57.    DEFENDANTS PWS and Mortgage Secret violated California

9    Corporations Code §25110, in that they failed to qualify the securities they offered and

10   sold with the California Department of Corporations and that the offer and sale of the

11   securities were not exempt from qualification.

12

13                       **NINTH CLAIM FOR RELIEF**
                         **Violation of Ca. Corp. Code 25504**
14                       **(Against Defendants Snook, Wilson and Highfill)**

15        58.    PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

16   through 56.

17        59.    DEFENDANTS Snook, Wilson and Highfill are control persons, partners

18   or principal officers of DEFENDANTS PWS or Mortgage Secret and are therefore

19   jointly and severally liable for the violations of the California Corporations Code as

20   described in this Complaint.

21

22                       **TENTH CLAIM FOR RELIEF**
                         **Violation of Ca. Corp. Code 25504.1**
23                       **(Against all Defendants Snook, Wilson and Highfill)**

24        60.    PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

25   through 58.

26        61.    DEFENDANTS Snook, Wilson, and Highfill materially assisted in the

27   violations of the California Corporations Code as described in this Complaint and are

28   therefore jointly and severally liable for such violations.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

13

**COMPLAINT**

## ELEVENTH CLAIM FOR RELIEF
### Fraud by Misrepresentation
### (Against all Defendants PWS, Mortgage Secret, and Snook)

62.    PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 58.

63.    On or about April 2, 2009, in order to induce PLAINTIFF to invest $100,000 into the PWS investment program, DEFENDANT, Chris Snook, made the following representations to the PLAINTIFF.

F.  That if PLAINTIFF invested in the investment program she would be guaranteed a return of no less than $166,700 the first year.

G.  That if PLAINTIFF invested in the investment program she would receive huge returns each year.

H.  That PWS was well capitalized and would be putting together and airing television infomercials, conventions, and seminars to promote membership in PWS and that such actions would bring in hundreds of thousands of new members.

I.  That the cost to enroll for distributors into PWS was $500 which was a cost that was low enough to encourage the enrollment of hundreds of thousands of distributors.

J.  That PLAINTIFF could not lose in the investment.

64.    Contrary to the representations made by Snook, the truth was as follows:

G.  There is no way that PLAINTIFF could receive a return of $166,700 the first year.

H.  There was almost no likelihood that any return would be received.

I.  PWS was not well capitalized and never intended to put together or air television infomercials, conventions, or seminars to promote the membership of PWS.

J.  That PWS planned to the increase the enrollment fee from $500 to $1500.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

14

**COMPLAINT**

65.    In justifiable and reasonable reliance on the foregoing misrepresentations, PLAINTIFF, invested into the investment program $100,000.  Had the PLAINTIFF known the truth she would not have invested.

66.    To date, the PLAINTIFF has only received $483.33.

67.    At the time Snook made the representations he knew them to be false and intended that PLAINTIFF rely on them in parting with her $100,000.

68.    As a result of the fraudulent conduct of Snook, PWS, and Mortgage Secret, PLAINTIFF has been damaged in an amount to be proved at trial.

69.    The conduct of Snook, PWS and Mortgage Secret was despicable, and made with malice and a conscious disregard of the rights and interest of others.  Thus, the PLAINITIFF in addition to any other damages, is entitled to an award of exemplary and punitive damages.

## TWELFTH CLAIM FOR RELIEF
### Fraud by Concealment
### (Against Defendants PWS, Mortgage Secret, and Snook)

70.    PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 68.

71.    At the time Snook made the representations to the PLAINTIFF to induce her to invest, he concealed from the PLAINTIFF the following material facts, which if she knew, she would not have invested into the investment program:

F.  That DEFENDANTS were operating an illegal pyramid scheme in that the returns to be paid to PLAINTIFF were recruiting fees.

G.  That DEFENDANTS knew that they did not have the necessary capital to implement the promotional programs that they promised they would do.

H.  That DEFENDANTS knew it would be virtually impossible for PLAINTIFF to obtain the returns that they had promised.

I.  That DEFENDANTS had not registered the investment program with the United States Securities Commission, the California Department of

15

**COMPLAINT**

1    Corporations,  nor had they registered the program under the California

2    SAMP act.

3    J.  That DEFENDANTS planned to increase the enrollment fee from $500 to

4    $1500.

5    72.    In justifiable reliance on such fraudulent concealment, PLAINTIFF

6    invested $100,000 into the investment program and as a result has been damaged in an

7    amount to be proved at trial.

8    73.    The conduct of Snook, PWS and Mortgage Secret was despicable, and

9    made with malice and a conscious disregard of the rights and interest of others.  Thus,

10   the PLAINITIFF in addition to any other damages, is entitled to an award of exemplary

11   and punitive damages.

12

13   **THIRTEENTH CLAIM FOR RELIEF**
     **Negligence**

14   **(Against Defendants PWS, Mortgage Secret, and Snook)**

15   74.    PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1

16   through 58.

17   75.    On or about April 2, 2009, in order to induce PLAINTIFF to invest

18   $100,000 into the PWS investment program, DEFENDANT, Chris Snook, made the

19   following representations to the  PLAINTIFF.

20   K.  That if PLAINTIFF invested in the investment program she would be

21   guaranteed a return of no less than $166,700 the first year.

22   L.  That if PLAINTIFF invested in the investment program she would receive

23   huge returns each year.

24   M. That PWS was well capitalized and would be putting together and airing

25   television infomercials, conventions, and seminars to promote membership in

26   PWS and that such actions would bring in hundreds of thousands of new

27   members.

28

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

16

**COMPLAINT**

N. That the cost to enroll for distributors into PWS was $500 which was a cost that was low enough to encourage the enrollment of hundreds of thousands of distributors.

O. That PLAINTIFF could not lose in the investment.

76.     Contrary to the representations made by Snook, the truth was as follows:

K. There is no way that PLAINTIFF could receive a return of $166,700 the first year.

L. There was almost no likelihood that any return would be received.

M. PWS was not well capitalized and never intended to put together or air television infomercials, conventions, or seminars to promote the membership of PWS.

N. That PWS planned to the increase the enrollment fee from $500 to $1500.

77.     In justifiable and reasonable reliance on the foregoing misrepresentations, PLAINTIFF, invested into the investment program $100,000.  Had the PLAINTIFF known the truth she would not have invested.

78.     To date, the PLAINTIFF has only received $483.33.

79.     At the time Snook made the representations he had no reasonable basis to believe that the representations he made were true and intended that PLAINTIFF rely on them in parting with her $100,000.

80.     As a result of the fraudulent conduct of Snook, PWS's, and Mortgage Secret, PLAINTIFF has been damaged in an amount to be proved at trial.

### FOURTEENTH CLAIM FOR RELIEF
**Unfair Business Practices**
**(Against all Defendants)**

81.     PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 79.

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

17

**COMPLAINT**

82. The conduct of the DEFENDANTS as described herein constitutes an unfair business practice within the meaning of California Business and Professions Code §17200.

83. The PLAINTIFF is entitled to rescind her investment and to be restored any and all monies invested into the investment program plus interest thereon.

84. The DEFENDANTS should be enjoined from engaging in such harmful conduct in the future.

## FIFTEENTH CLAIM FOR RELIEF
### Violation of the Ca. SAMP Act
### (Against all Defendants)

85. PLAINTIFF hereby incorporates by reference and re-alleges paragraph 1 through 83.

86. The conduct of the DEFENDANTS as described in this Complaint violates the California Seller Assisted Marketing Plan act (Cal. Civil Code §1812.200 et. seq.)

87. Pursuant to Cal. Civil Code §1812.218, PLAINTIFF is entitled to recover from DEFENDANTS the actual damages suffered by the violations (to be proven at trial) plus the reasonable attorney's fees and costs incurred by the PLAINTIFF.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment:

A. Rescinding PLAINTIFF'S investment together with interest thereon;

B. Awarding PLAINTIFF compensatory damages according to proof at trial;

C. Awarding PLAINTIFF exemplary and punitive damages;

WELLMAN & WARREN
Attorneys at Law
24411 Ridge Route, Suite 200
Laguna Hills, CA 92653
(949) 580-3737

18

**COMPLAINT**

D. Awarding PLAINTIFF costs and expenses of this litigation, including reasonable attorney's fees, accountants' fees, and experts' fees and other costs and disbursement; and

E. Awarding PLAINTIFF such equitable/injunctive or other and further relief as may be just and proper under the circumstances.

DATED:  October 5, 2010

WELLMAN & WARREN, LLP

Scott Wellman
Counsel for Plaintiff

**COMPLAINT**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Guenevere Thomas

## DEFENDANTS
Chris Snook, Jason Highfill, Mark Wilson, Personal Wealth System, LLC and Mortgage Secret, LLC

**(b)** County of Residence of First Listed Plaintiff  **Ada County (Boise, ID)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Wellman & Warren, LLP, 24411 Ridge Route, Ste. 200, Laguna Hills, CA 92653

Attorneys (If Known)

**'10 CV 2069   H     RBB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☒ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
US Federal Securities Statutes Sections 5, 12, 15, 17, 10(b)                    28: 1331 yes

Brief description of cause:
Defendants have violated various Federal Securities laws and also the California Corporate Code

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000     CHECK YES only if demanded in complaint:
Plus other damages     JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10/04/2010

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 18757   AMOUNT 350.—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10/5/10

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018757
Cashier ID: sramirez
Transaction Date: 10/05/2010
Payer Name: WELLMAN AND WARREN LLP
--------------------------------
CIVIL FILING FEE
For: THOMAS V SNOOK
Case/Party: D-CAS-3-10-CV-002069-001
Amount:        $350.00
--------------------------------
CHECK
Check/Money Order Num: 43091
Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:      $0.00


There will be a fee of $45.00
charged for any returned check.